**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MUJUNI MALIYAMKONO, *Plaintiff* | § § § | |
| v. | § § | Case No.  SA-25-CA-00793-XR |
| MELTON TRUCK LINES, INC., JOHN MICHAEL WARREN, *Defendants* | § § § § § | |

**ORDER GRANTING MOTION TO**
**DISMISS DIRECT-NEGLIGENCE CLAIMS**
**AGAINST MELTON TRUCK LINES, INC.**

On this date, the Court considered Defendant Melton Truck Lines, Inc.'s Motion to Dismiss in Part (ECF No. 25) and Plaintiff Mujuni Maliyamkono's Response thereto (ECF No. 28).  After careful consideration, the Motion is **GRANTED.**  Plaintiff's direct-negligence claims against Melton Truck Lines, Inc. (Counts III and IV in the Operative Complaint) are **DISMISSED WITH PREJUDICE.**  His vicarious-liability claim against Melton Truck Lines, Inc. and his negligence claim against John Michael Warren remain pending.

**BACKGROUND**[1]

On the afternoon of June 4, 2023, Plaintiff Mujuni Maliyamkono was driving eastbound on Interstate Highway 10 in Guadalupe County.  ECF No. 23 at 2.  Defendant John Michael Warren was driving behind Maliyamkono, in a commercial tractor-trailer owned by Defendant Melton Truck Lines, Inc.  *Id.*

---

[1] These facts are derived from the First Amended Complaint (ECF No. 23), taking "all well-pleaded facts as true and view[ing] those facts in the light most favorable to the plaintiff[]."  *See Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021).

1

Traffic began to stop or slow down, so Maliyamkono did the same. *Id.* Warren, however, was traveling too quickly and/or too closely to Maliyamkono to stop in time. *Id.* As a result, Warren ran into Maliyamkono's car from behind. *Id.* The resulting force pushed Maliyamkono's vehicle into the car in front of it, causing a second collision. *Id.* Maliyamkono sustained injuries, including to his neck, back, and spine. ECF No. 23 at 3.

Melton concedes that Warren was acting in the course and scope of his employment when the accident occurred. ECF No. 25 at 4, 9.

Maliyamkono sued Warren and Melton in state court. ECF No. 1. He brought claims against Warren for negligence and negligence per se. ECF No. 1-3 at 5. His claims against Melton were for respondeat superior and direct negligence—that is, negligent entrustment, hiring, supervision, training, and retention. ECF No. 1-3 at 6–7.

Before Warren was served, Melton removed the case to this Court based on diversity jurisdiction. ECF No. 1. In September 2025, the Court granted a motion to dismiss the negligence per se claim against Warren and the direct-negligence claims against Melton. Text Order Dated October 1, 2025. The Court gave leave to amend the complaint to address the deficiencies in those claims. *Id.* Maliyamkono filed an amended complaint reasserting the direct-negligence claims but not the negligence per se claim. *See* ECF No. 23. Melton again moved to dismiss the direct-negligence claims against it. ECF No. 25. That motion is now ripe for consideration. *Id.*; ECF No. 28.

## DISCUSSION

### I.   Subject Matter Jurisdiction

As an initial matter, the Court finds that it has subject matter jurisdiction over this case. "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider

jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

As Melton notes, the Operative Complaint alleges that both Maliyamkono and Melton are citizens of Texas. ECF No. 23 at 1. If that were true, it would defeat diversity jurisdiction. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants.").

But Maliyamkono made this allegation only "[u]pon information and belief." ECF No. 23 at 1. And Melton filed a "Notice of Filing of Citizenship of Parties" stating that it is a citizen of Oklahoma, because that is where it is incorporated and where its principal place of business is located. ECF No. 16; ECF No. 25 at 1; 28 U.S.C. § 1332(c)(1). ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Melton reiterates that point in its Motion to Dismiss in Part. ECF No. 25 at 1.

Beyond the "[u]pon information and belief" allegation in the complaint, Maliyamkono does not dispute that Melton is a citizen of Oklahoma and is not a citizen of Texas. ECF No. 25 at 1. As a result, the Court finds that Melton is a citizen only of Oklahoma for purposes of diversity jurisdiction, so the parties are diverse.

Neither party disputes—and the Court does not doubt—that the amount in controversy exceeds $75,000. *See* ECF No. 23 at 7 (claiming compensatory damages "in excess of $75,000"); ECF No. 1 (removing to this Court based on diversity jurisdiction). Because the parties are diverse

and the amount in controversy exceeds $75,000, the Court has jurisdiction over this case.  *See* 28

U.S.C. § 1332.

**II.      Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for

"failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A claim for relief must contain: (1) "a short

and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of

the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought."

FED. R. CIV. P. 8(a).  A plaintiff "must provide enough factual allegations to draw the reasonable

inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of*

*Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal-Mart, Inc.–*

*Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge*

*Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain

either direct allegations or permit properly drawn inferences to support every material point

necessary to sustain a recovery.") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the

complaint should be taken as true, and the facts are to be construed in the light most favorable to

the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993).

Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions'

devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements," are not entitled to the presumption of truth.

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401

F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences

favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal

conclusions").

### III.    Analysis

Melton argues that Maliyamkono's direct-negligence claims against it should be dismissed

for two reasons.  First, the factual allegations underlying them are conclusory.  Second, Melton

has admitted that Warren was acting in the course and scope of employment, rendering the

direct-negligence claims against it redundant.  ECF No. 23.  The Court agrees with both arguments.

 a.   <u>The Factual Allegations Underlying the Direct-Negligence Claims Are Conclusory</u>

As stated above, a complaint must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements," are not entitled to a

presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Maliyamkono's allegations supporting his direct-negligence claims against Melton are

generic and lack "factual enhancement."  For example, the Operative Complaint says, "Upon

information and belief," Melton "knew or should have known through the exercise of reasonable

care that" Warren "was incompetent, reckless, or otherwise unfit to operate a commercial truck

safely based on" his driving history, training records, prior complaints, and failure to comply with

regulations. ECF No. 23 at 5. The complaint provides no further facts on this point. It does not, for example, explain what in Warren's driving history should have caused concern or how he purportedly failed to comply with regulations. *See id.* Elsewhere, the complaint alleges conclusorily that Melton failed to conduct adequate background checks, training, and supervision. *Id.* But, again, it provides no factual support for those claims. The complaint's other allegations that Melton was directly negligent are similarly conclusory. *See* ECF No. 23 at 4–6.

Maliyamkono argues that allegations made "on information and belief" are permissible. But "[w]hile allegations may be based upon information and belief, 'the complaint must set forth a factual basis for such belief.'" *McGrath v. Brewer*, No. 24-50335, 2025 WL 2828853, at *3 (5th Cir. Oct. 6, 2025). Simply adding "on information and belief" to the beginning of an allegation cannot allow a plaintiff to circumvent pleading requirements. Otherwise, "any plaintiff could survive dismissal by simply reciting the requirements of the claim and generically alleging, 'on information and belief', that the defendant engaged in the wrongful conduct. The law does not permit such an approach." *Carmona v. City of Brownsville*, No. 1:23-CV-084, 2024 WL 472340, at *9 (S.D. Tex. Feb. 6, 2024), *aff'd*, 126 F.4th 1091 (5th Cir. 2025).

   b.   Maliyamkono's Direct-Negligence Claims Against Melton Must Be Dismissed Because Melton Has Admitted Course and Scope of Employment

Independently, Maliyamkono's direct-negligence claims against Melton must be dismissed because Melton has admitted that Warren was acting in the course and scope of his employment when the accident occurred. ECF No. 25 at 4, 9. "[A] plaintiff may not advance ordinary negligence claims against an employer under both vicarious liability (respondeat superior) and direct liability (negligent hiring and negligent supervision) where the derivative liability of the owner has already been established by an admission or stipulation of agency or course and scope of employment." *Manson v. B&S Trucking of Jackson, LLC*, No. SA-21-CV-01181-XR, 2023

6

WL 3170494, at \*4 (W.D. Tex. May 1, 2023) (cleaned up).  Maliyamkono asserts only ordinary negligence claims.  ECF No. 23.  And, as already stated, Melton has admitted course and scope of employment.  For this reason as well, the direct-negligence claims against Melton must be dismissed.

### IV.    Leave to Amend

Maliyamkono requests leave to amend the complaint if the Court grants Melton's partial motion to dismiss.  ECF No. 28 at 3.  He says that he "can add more specific allegations based on reasonable investigation"; "[g]ross negligence can be explicitly pled"; "[a]dditional facts regarding industry standards and [Melton's] policies can be alleged"; and "[d]iscovery will provide the factual basis for detailed allegations."  ECF No. 28 at 3.

Maliyamkono has already amended his complaint once to address the lack of factual allegations supporting his direct-negligence claims against Melton.  In doing so, he did not add any non-conclusory facts supporting those claims.  He also does not meaningfully explain how a Second Amended Complaint might cure the defects identified in Melton's motion and in this Order.  As a result, the Court finds that allowing amendment would be futile.  *See Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 610 (5th Cir. 2014) ("A district court does not abuse its discretion in denying leave to amend if amendment would be futile.").  Maliyamkono's request for leave to amend the complaint is denied.

### CONCLUSION

For the foregoing reasons, Mujuni Maliyamkono's direct-negligence claims against Melton Truck Lines, Inc. (Counts III and IV in the Operative Complaint) are **DISMISSED WITH PREJUDICE.**  His vicarious-liability claim against Melton Truck Lines, Inc. and his negligence claim against John Michael Warren remain pending.

It is so **ORDERED**.

**SIGNED** this 17th day of April, 2026.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE